IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00066-BNB

MICHAEL DOYLE,

    Plaintiff,

v.

BILL RITTER, JR., Governor,
ARISTEDES W. ZAVARAS, Executive Director,
KEVIN MILYARD, Warden, and
CHAPOLE LAINE, Associate Warden,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB -5 2009

GREGORY C. LANGHAM
                  CLERK

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Michael Doyle, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Doyle has filed *pro se* a Prisoner Complaint asserting claims that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Doyle is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Doyle will be ordered to file an amended complaint.

    The court has reviewed the Prisoner Complaint and has determined that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may

respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Doyle fails to set forth a short and plain statement of his claims showing that he is entitled to relief in this action. In fact, it is not even clear how many claims Mr. Doyle is raising because, although the complaint itself includes only three claims, Mr. Doyle may be raising additional claims in documents attached to the complaint that are identified as exhibits. It also is not clear what claims Mr. Doyle is asserting against the named Defendants because he does not allege that any of the named Defendants personally participated in the claims he is asserting. Finally, it is not clear exactly what Mr. Doyle's claims are because he fails to identify clearly which of his rights allegedly have been violated and he fails to support his claims with specific factual allegations.

Instead, Mr. Doyle attempts to support his claims with unnecessary legal argument that does not demonstrate how his rights allegedly have been violated.

For these reasons, Mr. Doyle will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 in order to clarify the claims he is asserting in this action and against whom those claims are being asserted. Mr. Doyle is advised that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Doyle file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Doyle, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Doyle fails to file an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED February 5, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00066-BNB

Michael Doyle
Prisoner No. 114917
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 2/5/09

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk