IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00066-BNB

MICHAEL DOYLE,

Plaintiff,

v.

BILL RITTER, JR., Governor,
ARISTEDES W. ZAVARAS, Executive Director,
KEVIN MILYARD, Warden, and
CHAPDE LANE, Associate Warden,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 0 5 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Plaintiff Michael Doyle is a prisoner in the custody of the Colorado Department of Corrections ("DOC") at the Sterling Correctional Facility in Sterling, Colorado. Mr. Doyle initiated this action by filing *pro se* a Prisoner Complaint. On February 5, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Doyle to file an amended complaint that clarifies the claims he is asserting in this action. On February 17, 2009, Mr. Doyle filed an amended Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants have violated his rights under the United States Constitution. He seeks damages as relief.

Mr. Doyle has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the amended complaint at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not

exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint as legally frivolous.

The Court must construe the amended complaint liberally because Mr. Doyle is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Doyle asserts three claims for relief in the amended complaint. He contends in his first claim that prison officials have retaliated against him for filing two prior lawsuits in this Court. Mr. Doyle is correct that prison officials may not retaliate against an inmate for exercising his constitutional rights. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). However, he fails to allege specific facts that demonstrate any of the named Defendants retaliated against him.

Mr. Doyle alleges in support of the retaliation claim that he is indigent and that he is not provided with sufficient free envelopes to mail documents to the Court in connection with his legal activities. Mr. Doyle further alleges in support of his retaliation claim that, following a verbal dispute about free legal envelopes with Mr. Canfield, who is a member of the prison law library staff, Mr. Canfield charged him with the prison

2

disciplinary offense of disobeying a lawful order when Mr. Doyle refused to leave the library as directed. Mr. Doyle was convicted of the disciplinary offense following a hearing. He claims that the disciplinary write-up and subsequent conviction are retaliation for his prior lawsuits in this Court.

Mr. Doyle's retaliation claim lacks merit because the facts alleged in support of that claim relate to actions by prison officials, including Mr. Canfield, who are not parties to this action. As noted above, Magistrate Judge Boland ordered Mr. Doyle to file an amended complaint in order to clarify his claims in this action. Magistrate Judge Boland specifically advised Mr. Doyle that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Despite this advisement, Mr. Doyle fails to assert any facts that connect the named Defendants to the alleged retaliation in claim one. Therefore, the Court finds that claim one is legally frivolous because the facts alleged by Mr. Doyle do not support an arguable claim for relief against any of the named Defendants.

Mr. Doyle's second claim is an access to the courts claim. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, the right of access to the

courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his or her current confinement or in an application for a writ of habeas corpus. See *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). Furthermore, a prisoner claiming a denial of access to the courts must allege some actual injury in his ability to pursue a nonfrivolous legal claim. See *Lewis v. Casey*, 518 U.S. 343, 349-55 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam).

    Mr. Doyle alleges in support of his second claim that he is denied access to the courts because the DOC indigent inmate policies prevent him from obtaining adequate supplies and postage to pursue his legal claims. Although Mr. Doyle mentions each Defendant in connection with his access to the courts claim, he still fails to allege specifically how each Defendant personally participated in the asserted denial of access to the courts. Instead, Mr. Doyle merely asserts that "Bill Ritter, Jr., and Aristedes W. Zavaras are on the Grievance Response, that also implicates Kevin Milyard and Chapde Lane." (Am. Prisoner Compl. at 5.) This vague allegation is not sufficient to demonstrate what each Defendant did to violate Mr. Doyle's rights. Furthermore, even if the grievances and other documents attached to the amended complaint include more specific allegations of personal participation, it is not the Court's responsibility to search through the attached exhibits in order to determine how each named Defendant personally participated in the asserted constitutional violation. The general rule that *pro se* pleadings must be construed liberally has limits and the Court "cannot take on the responsibility of serving as the litigant's attorney in constructing

arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, even if the Court assumes that each named Defendant personally is responsible for the DOC indigent inmate policies that Mr. Doyle is challenging in his second claim, the access to the courts claim still lacks merit because Mr. Doyle fails to allege how he was injured in his ability to pursue a nonfrivolous legal claim. *See Lewis*, 518 U.S. at 349-55. In the absence of any allegation of actual injury, Mr. Doyle's access to the courts claim is legally frivolous and must be dismissed.

Mr. Doyle's third claim for relief, which he labels "Embezzlement of Public Property," also will be dismissed. Mr. Doyle cites a Colorado criminal statute regarding embezzlement of public property in support of his third claim, but he fails to allege that any of the named Defendants committed that crime. Even if the Court assumes a crime has been committed, Mr. Doyle fails to explain how his own rights have been violated. The only facts asserted by Mr. Doyle in support of his third claim are that he receives a little more than $5.00 in indigent pay, which is to be used for hygiene supplies and medication like aspirin, and that he has a negative balance in his inmate account due to charges for photocopies and postage for legal mail. Mr. Doyle does not connect these factual allegations to any embezzlement, the factual allegations do not implicate any of the named Defendants in any way, and the factual allegations do not demonstrate that Mr. Doyle's rights have been violated in any way. Therefore, Mr. Doyle's third claim for relief also is legally frivolous because the facts alleged in support of that claim do not support an arguable claim for relief. Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 4 day of March, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00066-BNB

Michael Doyle
Prisoner No. 114917
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/5/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk